# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO PERLAZA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN,<br><br>　　　　Respondent. | Case No. 1:24-cv-00693-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>(ECF No. 15) |

Petitioner Ruben Dario Perlaza is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the undersigned recommends granting Respondent's motion to dismiss and dismissing the petition for writ of habeas corpus.

## I.

## BACKGROUND

On March 21, 2022, Petitioner was sentenced to an imprisonment term of fifty-six months by the United States District Court for the Southern District of California for possession of cocaine with intent to distribute on board a vessel. (ECF No. 15-1 at 3.[1]) Petitioner is currently confined at the Federal Correctional Institution in Mendota, California. (ECF No. 1 at 1.)

On April 22, 2024, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Southern District of California. (ECF No. 1.) The petition

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1  was transferred to this Court June 13, 2024. (ECF Nos. 7, 8.) In the petition, Petitioner
2  challenges a Federal Bureau of Prisons' ("BOP") policy of refusing to allow prisoners with
3  immigration detainers to apply First Step Act ("FSA") time credits ("FTCs" or "ETCs"). (ECF
4  No. 1.) On August 13, 2024, Respondent filed a motion to dismiss the petition, arguing that: (1)
5  "Petitioner's FSA ETC claim must be jurisdictionally dismissed for lack of constitutional
6  standing and failure to state a claim under law" because "Petitioner has suffered a final order of
7  removal"; (2) "Petitioner lacks statutory authority under § 2241 to compel BOP's FSA ETC
8  discretionary (sentence end-phase programming) action via declaratory and advisory opinions";
9  and (3) "Petitioner has not administratively challenged any finding related to FSA ETC earning
10 calculation determinations, and/or ineligibility to apply FSA ETC sentence-offsets prior to filing
11 the instant petition." (ECF No. 15 at 2–4.)

12      As Respondent had not provided the Court with a copy of the final order of removal
13 itself, the Court ordered Respondent to file a copy of the purported final order of removal. (ECF
14 No. 16.) Respondent filed a copy of the final order of removal under seal. (ECF No. 22.) On
15 November 14, 2024, Petitioner filed a response to the purported final order of removal. (ECF No.
16 24.)

17                                    **II.**
18                                **DISCUSSION**
19   **A.  First Step Act**

20      "On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194,
21 was enacted. The Act implemented a number of prison and sentencing reforms." Bottinelli v.
22 Salazar, 929 F.3d 1196, 1197 (9th Cir. 2019). Under the First Step Act, a "prisoner, except for an
23 ineligible prisoner under subparagraph (D), who successfully completes evidence-based
24 recidivism reduction programming or productive activities, shall earn time credits[.]" 18 U.S.C.
25 § 3632(d)(4)(A). "Time credits earned under this paragraph by prisoners who successfully
26 participate in recidivism reduction programs or productive activities shall be applied toward time
27 in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). However, a "prisoner is
28 ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final

order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17)))." 18 U.S.C. § 3632(d)(4)(E)(i).

**B. Exhaustion**

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, because it is not a jurisdictional prerequisite, exhaustion can be waived. Id. (citations omitted). "Exhaustion is not required if: (1) administrative remedies would be futile; (2) the actions of the agency clearly and unambiguously violate statutory or constitutional rights; or (3) the administrative procedure is clearly shown to be inadequate to prevent irreparable injury." Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir. 1991).

The BOP grievance process is set forth at 28 C.F.R. § 542.10 *et seq*. "As a first step in this process, an inmate normally must present his complaint informally to prison staff using a BP–8 form." Nunez v. Duncan, 591 F.3d 1217, 1219 (9th Cir. 2010). "If the informal complaint does not resolve the dispute, the inmate may make an 'Administrative Remedy Request' concerning the dispute to the prison Warden using a BP–9 form." Nunez, 591 F.3d 1219. "If the Warden renders an adverse decision on the BP–9, the inmate may appeal to the Regional Director using a BP–10 form." Nunez, 591 F.3d 1219. "The inmate may appeal an adverse decision by the Regional Director to the Central Office (also called the General Counsel) of the BOP using a BP–11 form." Nunez, 591 F.3d 1219. A final decision from the Office of General Counsel completes the BOP's administrative remedy process. 28 C.F.R. § 542.15(a).

Here, it is undisputed that Petitioner failed to exhaust administrative remedies. Petitioner contends that exhaustion is futile. (ECF No. 1 at 7; ECF No. 1-2 at 6–8.) The Court finds the exhaustion requirement should be waived in the instant matter. Given Respondent's determination that Petitioner is "jurisdictionally and statutorily barred from FSA ETC sentence-offsets due to the final order of removal," (ECF No. 15 at 3), pursuing administrative remedies would be futile and thus, the petition should not be dismissed for nonexhaustion.

**C. Final Order of Removal**

A prisoner is ineligible to apply FTCs "if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17)))." 18 U.S.C. § 3632(d)(4)(E)(i). Respondent contends that Petitioner is ineligible to apply FTCs as he is the subject of a final order of removal. (ECF No. 15 at 3.) Respondent has filed a copy of a Notice and Order of Expedited Removal[2] under section 235(b) of the Immigration and Nationality Act (8 U.S.C. § 1225(b)) that was issued against Petitioner on April 16, 2024. (ECF No. 22.) The order states that DHS "has determined that you are inadmissible to the United States under section 212(a)(7)(A)(i)(I)" and orders that Petitioner be "removed from the United States." (Id.)

Petitioner argues the Form I-860 is not a final order of removal and has not been signed by an immigration judge. (ECF No. 24 at 1–2.) However, "[e]xpedited removal proceedings involve, as the name suggests, a streamlined process through which certain non-citizens—such as those apprehended at or near the border soon after entry—may be removed from the United States *without a hearing before an immigration judge*." Alvarado-Herrera, 993 F.3d at 1190 (emphasis added). "Expedited removal orders are entered by DHS immigration officers, *not by immigration judges*, and judicial review of such orders is severely curtailed." Alvarado-Herrera, 993 F.3d at 1190 (emphasis added).

Petitioner also argues that the certificate of service section is blank, which makes "clear this form has never been served on Petitioner and can not be final." (ECF No. 24 at 1.) Judicial review of expedited removal orders is limited

> to three narrow issues, each of which must be raised in habeas corpus proceedings: "whether the petitioner is an alien"; "whether the petitioner was ordered removed" under an expedited removal order; and whether the petitioner can prove that he or she has lawful status in the United States as an asylee, refugee, or permanent resident.

Alvarado-Herrera, 993 F.3d at 1192 (quoting 8 U.S.C. § 1252(e)(2)). In Alvarado-Herrera, the

---

[2] "[T]he form on which DHS issues expedited removal orders [is] Form I-860[.]" Alvarado-Herrera v. Garland, 993 F.3d 1187, 1191 (9th Cir. 2021).

4

Ninth Circuit rejected the petitioner's argument that an expedited removal order was invalid because the record did not show whether the petitioner signed the Form I-860 acknowledging receipt. The Ninth Circuit concluded that such a challenge did "not fall within any of the categories of reviewable issues[.]" Alvarado-Herrera, 993 F.3d at 1192.

"[I]n the deportation context, a 'final order of removal' is a final order 'concluding that the alien is deportable or ordering deportation.'" Nasrallah v. Barr, 590 U.S. 573, 579 (2020) (quoting 8 U.S.C. § 1101(a)(47)(A)). Here, the order of expedited removal states that Petitioner is inadmissible and orders that Petitioner be removed from the United States. (ECF No. 22.)  The Ninth Circuit has recognized that expedited removal proceedings result in final orders of removal. See Lopez v. Garland, 40 F.4th 996, 1001 (9th Cir. 2022) (noting that in Aguilar-Aguilar v. Napolitano, 700 F.3d 1238 (10th Cir. 2012), DHS "secured a final order of removal through the expedited removal process" based on a petitioner's "conviction for an aggravated felony"), cert. denied sub nom. Luvian v. Garland, 143 S. Ct. 2461 (2023); Alcala v. Holder, 563 F.3d 1009, 1014 (9th Cir. 2009) (discussing Lin v. Gonzales, 473 F.3d 979 (9th Cir. 2007), wherein "the expedited proceeding . . . had resulted in a final order of removal").

Petitioner is the subject of a removal order issued via expedited removal proceedings, which the Ninth Circuit has recognized results in final orders of removal, and thus, Petitioner is ineligible to apply time credits under the First Step Act. See Gomez-Cuzme v. Birkholz, No. 2:23-cv-01753-ODW-SHK, 2023 WL 4423602, at *3 (C.D. Cal. June 1, 2023) ("Here, Petitioner is subject to a final removal order under section 235(b)(1) of the Immigration and Nationality Act ("INA"), and is thus ineligible to apply time credits under the First Step Act."), findings and recommendation accepted, 2023 WL 4422830 (C.D. Cal. July 7, 2023); Ceron v. Engleman, No. CV 23-3388-SSS (AGR), 2024 WL 967858, at *2 (C.D. Cal. Jan. 24, 2024) ("Petitioner is subject to a[n expedited] final order of removal and thus statutorily ineligible for FSA's earned time credits."), findings and recommendation accepted, 2024 WL 968850 (C.D. Cal. Mar. 6, 2024). Accordingly, the Court finds that Petitioner "is the subject of a final order of removal" for purposes of 18 U.S.C. § 3632(d)(4)(E)(i), and thus, is ineligible to apply FTCs toward time in prerelease custody or supervised release. Therefore, the Court finds that Petitioner fails to state a

claim for habeas relief under 28 U.S.C. § 2241.³

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that Respondents' motion to dismiss (ECF No. 15) be GRANTED and the petition for writ of habeas corpus be DISMISSED.

Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 2, 2024**        /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

---

³ In light of this conclusion, the Court declines to address Respondent's argument that "to the extent Petitioner demands immediate award of ETCs and compelled placement in pre-release RRC or early TSR, Petitioner lacks statutory authority under § 2241 to compel BOP's FSA ETC discretionary (sentence end-phase programming) action via declaratory and advisory opinions." (ECF No. 15 at 3.)