**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUBEN DARIO PERLAZA,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, F.C.I. MENDOTA,<br><br>    Respondent. | Case No. 1:24-cv-0693 JLT EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING THE PETITION, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>(Docs. 15, 26) |

Ruben Dario Perlaza is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner asserts that he "earned time credits ('ETC') which, under the First Step Act, entitle him to immediate transfer into supervised release or pre-release custody, however, the BOP refuses to enable him to apply his ETC's because he has an immigration detainer." (Doc. 1 at 6.) Respondent moves to dismiss the petition, arguing Petitioner did not exhaust his administrative remedies and that Petitioner is "jurisdictionally and statutorily barred from [First Step Act earned time credit] sentence-offsets due to the final order of removal from another federal court." (Doc. 15 at 1, 3.)

The magistrate judge observed it was undisputed that Petitioner did not exhaust his administrative remedies, but "pursuing administrative remedies would be futile." (Doc. 26 at 3.) The magistrate judge noted Respondent provided "a copy of a Notice and Order of Expedited Removal under section 235(b) of the Immigration and Nationality Act … that was issued against

1

Petitioner on April 16, 2024." (*Id.* at 4, citing Doc. 22.)  Upon review of the BOP records, the magistrate judge determined: "Petitioner is the subject of a removal order issued via expedited removal proceedings, which the Ninth Circuit has recognized results in final orders of removal, and thus, Petitioner is ineligible to apply time credits under the First Step Act." (*Id.* at 5.)  Therefore, the magistrate judge found Petitioner failed "to state a claim for habeas relief under 28 U.S.C. § 2241," and recommended the Court grant the motion to dismiss. (*Id.* at 6.)

The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 30 days.  (Doc. 26 at 6.)  The Court advised him that the "failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  Petitioner did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.  Having carefully reviewed the entire matter, the Court concludes the findings that Petitioner failed to exhaust his administrative remedies and failed to state a cognizable claim for habeas relief are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on December 2, 2024 (Doc. 26) are **ADOPTED** in full.
2. Respondent's motion to dismiss (Doc. 15) is **GRANTED**.
3. The petition for writ of habeas corpus is **DISMISSED**.[1]
4. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:  **January 16, 2025**

UNITED STATES DISTRICT JUDGE

---

[1] In the event a notice of appeal is filed, a certificate of appealability is not required because this is an order dismissing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see also Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997).