**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUBEN DARIO PERLAZA,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, F.C.I. MENDOTA,<br><br>    Respondent. | Case No. 1:24-cv-0693 JLT EPG (HC)<br><br>ORDER DISREGARDING PETITIONER'S UNTIMELY OBJECTIONS<br><br>(Doc. 29) |

On December 2, 2024, the magistrate judge issued Findings and Recommendations, recommending the Court grant Respondent's motion to dismiss the petition. (Doc. 26.) The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 30 days. (*Id*. at 6.) The Court also advised Petitioner the failure to file timely objections may result in the wavier of rights. (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)

On January 16, 2025, the Court performed a *de novo* review of the matter, dismissed the petition, and entered judgment. (Docs. 27, 28.) After the Court entered judgment—46 days after the date of service of the Findings and Recommendations—the Court received objections signed and dated January 13, 2025.[1] (Doc. 29 at 2.) Even assuming the objections were submitted to the

---

[1] It is unclear whether Petitioner submitted his objections to the prison mailing system the same date as the indicate signature date.

1

prison mailing system on January 13, 2025, the filing is untimely as they were dated beyond the deadline ordered by the Court. Petitioner did not seek an extension of time to file objections, and he does not explain the delay in any manner. (*See generally* Doc. 29.) For this reason, Petitioner's untimely objections shall be disregarded.[2] *See, e.g., Branch v. Yates*, 2011 WL 443639, at *1 (E.D. Cal. Feb. 3, 2011) (disregarding objections filed by a petitioner as untimely when filed beyond the objection period). Thus, the Court **ORDERS**:

1. Petitioner's untimely objections to the Findings and Recommendations are **DISREGARDED**.
2. The action **SHALL** remain closed.

IT IS SO ORDERED.

Dated:   **January 31, 2025**

UNITED STATES DISTRICT JUDGE

---

[2] Even if the Court were to consider the untimely objections, Petitioner's arguments are unavailing. Petitioner's objections appear predicated on the assertion that he does not have a final order of removal. (Doc. 12 at 2.) However, as the Court observed in its *de novo* review, a "Notice and Order of Expedited Removal" that was issued against Petitioner on April 16, 2024. (Doc. 27 at 1; *see also* Doc. 22 [under seal].) Such a "Notice and Order of Expedited Removal" qualifies as a final removal order. *See Lopez v. Garland,* 40 F.4th 996, 1001 (9th Cir. 2022) (recognizing expedited removal proceeding result in final orders of removal); *see also Alcala v. Holder*, 563 F.3d 1009, 1014 (9th Cir. 2009).

2